## Bullock Lumber Co. v. Marbury Lumber Co. Marbury Lumber Co. v. Cunningham.

(Decided December 16, 1910.)

### Appeals from Jefferson Circuit Court (Chancery Branch, First Division).

Bailee.—A bailee is under a duty to exercise ordinary care to protect and preserve property committed to his care.

L. A. HICKMAN for Bullock Lumber Company.

THUM, CLARK & ROY for Marbury Lumber Company.

C. B. SEYMOUR for R. M. Cunningham.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These two appeals will be disposed of together.

In March, 1906, Cunningham, who is a lumber merchant in Louisville ordered from the Marbury Lumber Company, of Alabama, a large quantity of lumber, specifying in feet the quantity wanted. The lumber was shipped in carload lots and arrived at Louisville at different times during the spring and early summer of 1906. The Marbury Lumber Company misread and misconstrued the order of Cunningham to call for "pieces"

in place of "feet," and so they shipped a great deal more lumber than he ordered. While the lumber was being shipped, Cunningham made an arrangement with the Bullock Lumber Company, who had a lumber yard in Louisville, to unload the lumber and stack it in their yard. Quite a correspondence ensued between Cunningham and the Marbury Lumber Company in reference to the overshipment of lumber, and Cunningham's liability therefor, and some correspondence and a good many interviews were had between the Marbury Lumber Company and the Bullock Lumber Company in reference to this lumber. Finally, being unable to adjust the matter, the Marbury Lumber Company brought this suit against Cunningham and the Bullock Lumber Company. In its petition it set out in substance that Cunningham had accepted a part of the lumber, and a part of it he delivered to the Bullock Lumber Company, but it did not know how much it had accepted or how much had been delivered to the Bullock Lumber Company. although it ratified and accepted his acts in delivering the lumber to the Bullock Lumber Company.

The Bullock Lumber Company answered, traversing in every particular so much of the petition as sought to make it liable. Cunningham in his answer, among other things, set out that he had accepted and paid for all the lumber ordered by him, and that the overshipment was turned over to the Bullock Lumber Company, which company was accepted by the Marbury Lumber Company as its agent.

After the pleadings had been made up, and some proof taken, the court referred the matter to a commissioner "with instructions to ascertain and charge each defendant with whatever of this lumber he or it shall have received, giving proper credits for payments." The commissioner reported that neither Cunningham nor the Bullock Lumber Company would make a satisfactory showing as to the quantity of lumber each of them had received, but after ascertaining, as was easy to do, the amount of lumber shipped, and deducting therefrom the amount received by Cunningham, and the amount sold to the parties, the commissioner found that the value of the lumber that the Marbury Lumber Company had not received payment for was $1,048.22. But on account of the failure of Cunningham and the Bullock Lumber Company to show how much of this lumber unpaid for each of them had received the commissioner

was unable to and did not determine how much each of them should be charged. He further found that there was in the yard of the Bullock Lumber Company undisposed of 8,939 feet. Upon this report, the chancellor held that the Marbury Lumber Company was the owner of and entitled to the 8,939 feet of lumber in the yard of the Bullock Lumber Company, which he valued at $21.50 per thousand, that being the price at which the lumber was sold by the Marbury Lumber Company; and, deducting the value of this lumber from the report of the commissioner he directed that a judgment be entered against the Bullock Lumber Company for $856.04. He further found that Cunningham had paid the Marbury Lumber Company for all the lumber ordered by him, and accordingly a judgment was entered against the Bullock Lumber Company for $856.04, and the petition as to Cunningham was dismissed.

From this judgment the Bullock Lumber Company, as well as the Marbury Lumber Company, appeal, the Bullock Lumber Company insisting that no judgment should have been rendered against it, and the Marbury Lumber Company contending that a judgment for the full amount prayed should have been rendered against Cunningham.

The evidence is very clear upon the proposition that the Marbury Lumber Company shipped a great deal more lumber than Cunningham ordered and it is also satisfactorily shown that Cunningham paid for all the lumber that he ordered. So that there are only two questions in the case, first, should the Marbury Lumber Company have a judgment against Cunningham for the whole or any part of the lumber, in excess of his order, and second, was it proper to render a judgment against the Bullock Lumber Company.

There can be no doubt that the lumber in dispute was unloaded and stacked in the yard of the Bullock Lumber Company by the direction of Cunningham. Whether the Bullock Lumber Company received it from Cunningham as a mere accommodation to him, or whether it was done for compensation, is not very material, although we may add that the Bullock Lumber Company made a charge against the Marbury Lumber Company for stacking the lumber. It received the lumber in its yard, and was therefore under the duty to the Marbury Lumber Company of exercising ordinary care to take care of it. This it failed to do. Neither the Bullock Lum-

ber Company nor Cunningham manifested any disposition to give information as to what became of the lumber after it was placed in the yard. Possibly Cunningham did not know, but it is reasonably certain that the Bullock Lumber Company did know what disposition was made of it, and having this knowledge it was their duty to make an accounting or to furnish information upon which an accounting could be made. This they failed to do. There is some evidence that an agent of the Marbury Lumber Company took charge of the lumber after it had been placed in the yard. But the weight of the testimony is to the effect that while the agent disposed of some of this lumber, for which credit was duly allowed, that the lumber now in dispute was not taken possession of by him but was left in the yard, where it was placed. Without relating further the facts, it seems to us that the judgment against the Bullock Lumber Company is correct. As to Cunningham, it appears that he did not personally have anything to do with the lumber that was stacked in the yard; that the custody and control of it was turned over by him to the Bullock Lumber Company. And, as Cunningham paid for the lumber that he ordered, he should not be held accountable for the lumber he did not order, in view of the fact that he delivered this lumber to the Bullock Lumber Company, and it accepted the same. and its action in so doing was ratified by the Marbury Lumber Company. The commissioner reported in due form that he was engaged 13 days, but he was allowed $65. He should have been allowed $39, and the judgment giving him $65 should be reduced to $39.

Upon the whole case we see no reason for disturbing the finding of the chancellor.

Wherefore, the judgment in each case is affirmed.